IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVANGELISTIC GODSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 23-869-GBW |
| | : |
| U.S. GOVERNMENT, et al., | : |
| | : |
| Defendants. | : |

Evangelistic Godson, Pennsville, New Jersey.  Pro Se Plaintiff.

William Edward LaRosa, United States Department of Justice, Wilmington, Delaware.  Counsel for Defendant U.S. Government.

Jennifer C. Bebko Jauffret and Puja Upadhyay, Richards, Layton & Finger, P.A., Wilmington, Delaware.  Counsel for Defendant Opera Delaware.

Tracy A. Burleigh, City of Wilmington Law Department, Wilmington, Delaware.  Counsel for Defendant City of Wilmington.

**MEMORANDUM OPINION**

February 21, 2024
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Evangelistic Godson, proceeding pro se, brings this employment discrimination case against Defendants Opera Delaware, City of Wilmington, and the U.S. Government. (D.I. 1). All three Defendants have filed motions to dismiss. (D.I. 12, 14, 17). Plaintiff has filed motions to transfer and for recusal (D.I. 3, 4), as well as two requests for appointed counsel (D.I. 5, 7).

## II. BACKGROUND

Plaintiff is Chaplain of Corner Ministry in Delaware. He and members of the ministry regularly provide food and spiritual services to unhoused individuals on the sidewalk in front of OperaDelaware in Wilmington, Delaware. On February 12, 2023, a member of the Executive Board of Upper Delaware asked Plaintiff if he had a permit. On March 26, 2023, a police officer informed Plaintiff that he was no longer allowed to practice in that location. Plaintiff moved the congregation down the street, to the location of another organization's food distribution, but was again informed by the police officer that he could not congregate in that location.

Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Title I of the Americans with Disabilities Act for employment discrimination on the basis of his race, color, sex,

1

religion, national origin, age, and disability. Plaintiff requests $2.5 million in damages and injunctive relief to stop the police from interfering with his religious outreach.

## III. DISCUSSION

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A

complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id*. at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id*. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

It is quite clear from the allegations that no employment relationship exists between Plaintiff and any of the Defendants. Accordingly, this employment discrimination suit fails. Amendment is futile. Plaintiff's pending motions will be denied.

## IV. CONCLUSION

For the above reasons, the Court will grant Defendants' motions to dismiss and deny Plaintiff's pending motions. Amendment is futile.

The Court will issue an Order consistent with this Memorandum Opinion.